**IT IS ORDERED as set forth below:**



**Date: July 30, 2007**

_____
**Paul W. Bonapfel
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| TYRONE ALSTON and SHARON ALSTON, | : | Case No. 01-87477-PWB |
| | : | |
| Debtors. | : | Chapter 13 |
| | : | |

**ORDER WITH REGARD TO UNCLAIMED FUNDS OF SOVEREIGN BANK**

Sovereign Bank (the "Claimant") did not timely claim $4,964.68 of the disbursements the chapter 13 trustee made to fully pay its claim secured by a 1993 Nissan Altima as filed on April 9, 2003, by counsel for the Debtors pursuant to FED. R. BANKR. P. 3004. Under the Debtors' plan, the trustee's disbursements on this claim satisfied the secured claim of the Claimant in accordance with 11 U.S.C. § 1325(a)(5), as applicable in this case prior to enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. The Debtors completed their payments and received a discharge.

Because the Claimant did not timely claim the funds disbursed by the trustee, the trustee

paid them into the Court's registry pursuant to 11 U.S.C. § 347(a). A petition signed by Kim Sherrie Sawyer, General Counsel for The Locator Services Group Ltd., as attorney in fact for Sovereign Bank, has been filed seeking disbursement of the unclaimed funds.

Sovereign Bank has authorized The Locator Services Group, Ltd., to act as its attorney-in-fact in this case but Ms. Sawyer, its general counsel, is not authorized to practice in this Court. In the course of denying previous petitions filed by Ms. Sawyer, the Court has assumed that Ms. Sawyer was acting as an officer of The Locator Services Group, Ltd., rather than as an attorney.[1] The Court will no longer make that assumption and will address the issue presented by the fact that Ms. Sawyer has filed a paper as a lawyer without being admitted to practice in the Court.

The Court has ruled that it is not necessary for an attorney to be admitted to the Court's bar for purposes of filing a proof of claim,[2] and the Court permits an applicant that is a corporate or other entity to retrieve unclaimed funds without the necessity of engaging counsel, notwithstanding the general rule in the Eleventh Circuit that a corporation or other entity may not appear in a federal court other than through a licensed attorney at law.[3] But the filing of a pleading by an attorney on behalf of an entity is another matter. The Court has not permitted, and will not permit, the filing of a pleading by an attorney who is not admitted to practice before it. If Ms. Sawyer is authorized to act on behalf of The Locator Services Group, Ltd. as an officer, as the Court has assumed in previous cases, she is free to do so; her status as an attorney does

---

[1] *E.g., In re Walker,* Case No. 00-64896 (Aug. 10, 2004); *In re Conley,* Case No. 00-74652 (Bankr. N.D. Ga. Aug. 19, 2004); *In re Gundlach,* Case No. 00-65960 (Aug. 19, 2004).

[2] *In re Isom,* 321 B.R. 756 (Bankr. N.D. Ga. 2005).

[3] *In re Applications for Unclaimed Funds,* 341 B.R. 65, 76 (Bankr. N.D. Ga. 2005), citing *Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381 (11th Cir. 1985). .

not require that she be admitted to practice in this Court for the purpose of filing a paper on behalf of an entity in her capacity as an officer of it, when filing without an attorney is permitted. What she cannot do is act or purport to act as an attorney in the filing of such a paper without being admitted. Ms. Sawyer is instructed to discontinue the filing of papers in this Court as an attorney in violation of this rule.

The Court could deny the application solely on the basis of Ms. Sawyer's improper filing of it. In the interests of judicial economy, and because the Court is concerned that unclaimed funds be disbursed to the proper claimant as promptly as possible, however, the Court will address a substantive deficiency that the application presents.

Section 347(a) provides for disbursement of unclaimed funds pursuant to chapter 129 of title 28 of the United States Code. The applicable provisions of chapter 129 direct the Court to disburse unclaimed funds to the "rightful owners," 28 U.S.C. § 2041, upon "full proof of the right thereto." 28 U.S.C. § 2042. Under chapter 129's requirements and due process principles, the Court has the duty to make sure that unclaimed funds are disbursed to their true owner. *Cf. Leider v. United States*, 301 F.3d 1290, 1296 (Fed. Cir. 2002). Because the Court typically considers an application for unclaimed funds payable on a proof of claim in a bankruptcy case *ex parte*, the Court must insist on a claimant's exact compliance with legal requirements relating to the authority of an individual or entity to act on behalf of the claiming party and a definitive showing that it is actually entitled to the funds. *See generally In re Applications for Unclaimed Funds,* 341 B.R. 65 (Bankr. N.D.Ga. 2005).

A creditor applying for unclaimed funds must affirmatively show that it has a "present entitlement to the unclaimed funds sought." *In re Acker,* 275 B.R. 143, 145 (Bankr. D.D.C.

2002).  *Accord, In re Scott,* 346 B.R. 557 (Bankr. N.D. Ga. 2006).  A creditor does not have the required present entitlement if its claim has been paid, if there is no enforceable claim after foreclosure of its collateral, or if the debtor has brought the obligation current such that no payment is currently due.  Thus, an applicant seeking unclaimed funds arising from distributions that were made on account of a secured claim must show that the debt has not been satisfied (through payment or foreclosure) and that an amount is currently due and payable to which the unclaimed funds may lawfully be applied.

The Claimant's claim was secured by a motor vehicle.  Its application does not provide any information from which the Court can determine that the Claimant presently holds a debt to which these funds may lawfully be applied.  If the Claimant released its security interest in the vehicle upon the Debtors' discharge and did not receive any further payments from the Debtors, then the Claimant would presumably be entitled to the funds in question.  On the other hand, if the Claimant repossessed the vehicle after the Debtors' discharge or received payment from the Debtors after the discharge, Claimant may not be entitled to the funds.  If a claim has been satisfied through repossession and sale or paid by the debtor, or if a creditor has not complied with requirements for pursuing a deficiency claim after a repossession and sale, the creditor is not entitled to the unclaimed funds.  *See In re Scott,* 346 B.R. 557 (Bankr. N.D. Ga. 2006); *In re Acker,* 275 B.R. 143 (Bankr. D.D.C. 2002).

Thus, the Court must deny the current application because it does not affirmatively show that the debt has not been satisfied and that the applicant has a "present entitlement to the unclaimed funds sought."  *Scott,* 346 B.R. at 559, quoting *Acker,* 275 B.R. at 145.  In order to authorize the disbursement of funds to the Claimant, the Court will require affirmative

representations from the Claimant that it satisfied its lien on the motor vehicle as a result of the Debtors' completion of payments and discharge in this case and that the Claimant did not receive any payments from the Debtors after discharge. *Scott,* 346 B.R. at 559-560. Moreover, because the Debtor or the Chapter 13 Trustee may have an interest in the unclaimed funds, due process considerations require that the Claimant serve any future application for the funds on the Debtor, his counsel, and the Chapter 13 Trustee.

For the foregoing reasons, the application is denied, without prejudice.

End of Document

Distribution List:

Sovereign Bank
c/o Kim Sherrie Sawyer, General Counsel
The Locator Services Group, Ltd.
316 Newbury Street, Suite 52
Boston, MA 02115

Richard Kosak
Senior Vice President of Financial Operations
Sovereign Bank
1130 Berkshire Rd.
Wyomissing, PA 19610

Mary Ida Townson, Ch. 13 Trustee
Suite 2700, 100 Peachtree Street
Atlanta, GA 30303

Tyrone Alston
315 Anna Avenue
Palmetto, GA 30268

Sharon Alston
315 Anna Avenue
Palmetto, GA 30268

Susan H. Shiptenko
Law Offices of Matthew T. Berry
Suite 400
2751 Buford Highway
Atlanta, GA 30324